# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  CR-18-288-G |
| | ) | |
| IAN DONTE BRIDGES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Now before the Court is an Amended Motion to Vacate Under 28 U.S.C. § 2255 (Doc. No. 49) and Motion for Release on Bond (Doc. No. 51), filed by Defendant Ian Donte Bridges.[1]   Having reviewed the record, the Court determines that Defendant's § 2255 Motion may be time barred pursuant to 28 U.S.C. § 2255(f)(1), and consequently, Defendant is not entitled to release on bond.

*I.      Defendant's Amended Motion Under 28 U.S.C. § 2255*

Motions filed under § 2255 are subject to a one-year limitation period, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[1] Because Defendant's Amended Motion supersedes Defendant's original Motion to Vacate Under 28 U.S.C. § 2255, Defendant's original Motion to Vacate Under 28 U.S.C. § 2255 (Doc. No. 47) is DENIED AS MOOT.

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  The one-year limitations period generally runs from the date the judgment of conviction becomes "final" under § 2255(f)(1).  *United States v. Valencia*, 472 F.3d 761, 763 (10th Cir. 2006).  "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Burch*, 202 F.3d 1274, 1279 (10th Cir. 2000).  The Supreme Court Rules provide that a petition for a writ of certiorari to review a judgment in any case entered by a United States court of appeals must be filed within 90 days after entry of the judgment.  Sup. Ct. R. 13.3.

Here, Defendant did not seek certiorari after the Tenth Circuit entered its Order and Judgment affirming Defendant's conviction on June 12, 2020.  *See* Doc. No. 45.  The one-year statute of limitations for Defendant to file a § 2255 motion therefore began running on or about September 11, 2020, and expired on or about September 11, 2021.  *See* § 2255(f)(1).  Consequently, both Defendant's original § 2255 Motion, filed September 29, 2021, and his Amended § 2255 Motion, filed October 8, 2021, were not filed within the one-year period prescribed by § 2255(f)(1).  Defendant offers no explanation for his late filing and no basis for equitable tolling.  Defendant's § 2255 Motion therefore appears to be untimely and subject to dismissal.

The Court may *sua sponte* review a prisoner's § 2255 motion to determine whether it has been timely filed. *See United States v. DeClerck*, 252 F. App'x 220, 224 (10th Cir. 2007). "If the district court acts on its own raising a limitations defense, however, it must 'accord the parties fair notice and an opportunity to present their positions.'" *United States v. Pace*, No. CIV-16-811-F, 2016 WL 7665650, at *2 (W.D. Okla. July 20, 2016) (quoting *Day v. McDonough*, 547 U.S. 198, 209 (2006)). Accordingly, the Court will permit Defendant an opportunity to file a response explaining why his Amended Motion to Vacate Under 28 U.S.C. § 2255 should not be dismissed as time barred. The Court will review any response filed, and if a reply from the Government is necessary prior to the Court ruling on the limitations issue, the Court will order the Government to file a reply.

II.    *Defendant's Motion for Release on Bond*

Defendant also seeks release on bond pending a ruling on his § 2255 Motion. *See* Doc. No. 51. "An inmate seeking federal habeas relief must, in order to obtain release pending a determination on the merits of his petition, make a showing of exceptional circumstances or demonstrate a clear case on the merits of his habeas petition." *United States v. Palermo*, 191 F. App'x 812, 813 (10th Cir. 2006).

Defendant has not provided an explanation of any exceptional circumstances justifying his release. Further, because Defendant's Amended § 2255 Motion may be time barred, he has not shown a clear case on the merits. *See Coriz v. Rodriguez*, 347 F. Supp. 3d 707, 717-18 (D.N.M. 2018) (holding that a 25 U.S.C. § 1303 habeas petitioner had not presented a clear case on the merits where further evidence was needed to determine

whether the petitioner had exhausted his tribal court remedies).  Consequently, Defendant's Motion for Release on Bond must be denied.

## CONCLUSION

As explained above, it is hereby ORDERED that Defendant shall file a response explaining why his Amended Motion to Vacate Under 28 U.S.C. § 2255 (Doc. No. 49) should not be dismissed as time-barred within 30 days of the date of this Order.  Defendant is ADVISED that his failure to demonstrate timeliness will result in dismissal of his Amended Motion to Vacate Under 28 U.S.C. § 2255 without further notice to Defendant.  Additionally, Defendant's Motion for Release on Bond (Doc. No. 51) is DENIED.

IT IS SO ORDERED this 9th day of January, 2023.

_____
CHARLES B. GOODWIN
United States District Judge